UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARTHUR M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO. 2:21-CV-0323-TOR <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 11, 15). This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

*Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff initially filed an application for Title XVI supplemental security income benefits on August 7, 2015, alleging a disability onset date of November 1, 2008. Tr. 168. Plaintiff amended the alleged onset date to August 7, 2015. Tr. 59. Plaintiff's initial application was ultimately denied by an administrative law judge ("ALJ") on August 10, 2018. Tr. 181. Upon review, the Appeals Council remanded the matter to the ALJ for further administrative proceedings. Tr. 186. On March 24, 2021, Plaintiff appeared at a telephonic hearing before a different ALJ. Tr. 18. Plaintiff's application was again denied by an ALJ on April 21, 2021. Tr. 41.

At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity after August 7, 2015, the application date. Tr. 22. At step two, the ALJ found Plaintiff had the following severe impairments: diabetes with polyneuropathy, morbid obesity, lumbar strain, depressive disorder, anxiety disorder, and learning disorder. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 23. The ALJ then found Plaintiff

had a residual functional capacity to perform light work with the following limitations:

> [Plaintiff] is able to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 4 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday, with normal breaks. He requires a sit-stand option allowing him to alternate between sitting and standing approximately every 30 minutes for approximately 5 minutes at a time, or at will. He is limited to no climbing of ladders/ropes/scaffolds, only occasional climbing of ramps/stairs, only occasional stooping, kneeling, crouching and crawling, and frequent balancing. He must avoid exposure to extreme heat or cold, wetness, humidity, industrial vibration, and hazards such as moving or dangerous machinery or unprotected heights. He is limited to simple, routine and repetitive work with a reasoning level of 1 or 2. He is limited to a predictable, low-stress work environment, meaning no production pace, sales quotas, or conveyor belt-type work, with only occasional simple workplace changes, no more than only brief and superficial contact with the public and occasional interaction with coworkers and supervisors.

Tr. 27.

At step four, the ALJ found Plaintiff did not have past relevant work. Tr. 39. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, and testimony from a vocation expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as Small Parts Assembler; Inspector, Hand Packager; and Parking Lot Attendant. Tr. 40. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from August 7, 2015,

the application date, through April 21, 2021, the date of the ALJ's decision. Tr. 40–41.

On September 25, 2021, the Appeals Council denied review (Tr. 1), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 416.1481, 422.210.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying his supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Did the ALJ properly evaluate the medical opinion evidence;
2. Did the ALJ conduct a proper analysis of Plaintiff's impairments under the Listings at step three;
3. Did the ALJ conduct a proper analysis of Plaintiff's subjective symptom testimony; and
4. Did the ALJ meet his burden at step five?

**DISCUSSION**

**A. Medical Opinion Evidence**

Plaintiff alleges the ALJ improperly rejected the medical opinions of Dr. Thomas Genthe, Ph.D., and Ron Norton, LMHC. ECF No. 11 at 9–15. There are three types of physicians: "(1) those who treat the claimant (treating physicians);

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

(2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, the opinion of a treating physician carries more weight than the opinion of an examining physician, and the opinion of an examining physician carries more weight than the opinion of a reviewing physician. *Id.* In addition, the Commissioner's regulations give more weight to opinions that are explained than to opinions that are not, and to the opinions of specialists on matters relating to their area of expertise over the opinions of non-specialists. *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec*, 554 F.3d 1229, 1228 (9th Cir. 2000) (internal quotations and brackets omitted). An ALJ may only reject the opinion of a treating or examining doctor by providing specific and legitimate reasons that are supported by a substantial weight of the evidence, even if that opinion is contradicted by another doctor. *Lester v. Chater*, 81 F.3d 821, 830–31

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

(9th Cir. 1995). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

    1. *Dr. Thomas Genthe, Ph.D.*

Plaintiff alleges the ALJ erred in rejecting the opinion of Dr. Genthe, specifically by finding Dr. Genthe relied primarily on Plaintiff's own subjective reports, failed to support his opinion with objective findings and used a check-box form, and provided opinions that were inconsistent with Plaintiff's overall treatment records. ECF No. 11 at 10.

Dr. Genthe provided several psychological assessments of Plaintiff from 2014 through 2020. Tr. 36. The ALJ gave little weight to the assessments conducted in 2014 and 2015, finding the 2014 assessment was outside the relevant time period and covered a duration of only six months, and both assessments were inconsistent with Plaintiff's overall treatment records. Tr. 37. For example, Plaintiff was generally noted to be alert, oriented, calm, and friendly, and exhibited normal behavior. *Id*. (citations to the record omitted). These findings contradicted Dr. Genthe's opinion that Plaintiff had marked to severe limitations in his ability to communicate and perform effectively in a work setting, and moderate limitations in his ability to understand, remember, and persist in tasks involving detailed instructions. *Id*. Additionally, the ALJ noted other treatment providers indicated

Plaintiff's depression and anxiety were controlled by medications.  *Id*.

In 2017, 2019, and 2020, Dr. Genthe opined Plaintiff had overall marked severity in his ability to communicate, to perform effectively and maintain appropriate behavior in a work environment, to adapt to changes in a routine work setting, and to complete a normal workday and workweek without interruptions from psychological symptoms.  *Id*.  The ALJ gave these opinions little weight, finding they were primarily based on Plaintiff's own self-reports, symptoms, and limitations, and lacked clinical and objective findings to support the degree of limitation.  *Id*.  Moreover, the opinions were provided in check-box forms without meaningful explanation or support and reflected no significant testing.  *Id*.  These later opinions were also inconsistent with Plaintiff's overall records and exams, which reflected largely normal mental status findings.  Tr. 38.

"[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  The Court finds the ALJ provided specific, clear, and convincing reasons for rejecting Dr. Genthe's opinions, and that the ALJ's conclusions are supported by substantial evidence.

2. *Ron Norton, LMHC*

Plaintiff argues the ALJ erred in rejecting the opinion of Mr. Norton, LMHC

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1  by failing to provide substantial evidence to support his conclusions. ECF No. 11

2  at 13–15. Mr. Norton opined that Plaintiff would have difficulty remaining

3  successfully employed due to his "low IQ (69–70)" and his inability to focus and

4  follow directions. Tr. 38 (citations to the record omitted). He further opined that

5  Plaintiff's "inability to do things physically or mentally cause him deep emotional

6  distress," which prevents him from contributing or improving his lifestyle or

7  participating in society. *Id*. The ALJ gave Mr. Norton's opinion little weight,

8  finding Mr. Norton provided only minimal evidence of objective clinical findings

9  to support his opinion of Plaintiff's limitations. *Id.* The ALJ also found Mr.

10 Norton's opinion inconsistent with the majority of Plaintiff's other mental health

11 status findings, which revealed Plaintiff was able to live alone, manage his

12 personal care, cook, clean, regulate his finances, travel on public transportation,

13 shop, socialize, and read. *Id*. Finally, any opinions regarding Plaintiff's physical

14 limitations were beyond the scope of Mr. Norton's expertise. *Id*.

15    The Court finds the ALJ provided specific, clear, and convincing reasons for

16 rejecting Mr. Norton's opinion, and that the ALJ's conclusions were supported by

17 substantial evidence.

18    **B.  Listings Analysis**

19    Plaintiff argues the ALJ failed to conduct a proper analysis at step three by

20 failing to consider Plaintiff's limitations under Listings 12.04, 12.05, 12.06, and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

12.11. ECF No. 11 at 15–16. At step three, the ALJ first determines whether a claimant's impairment meets or equals an impairment in the Listing of Impairments (the "Listings"). *See* 20 C.F.R. § 416.920(a)(4)(iii). The Listings describe specific impairments that are recognized as severe enough to prevent a person from engaging in substantially gainful activities. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Each impairment is described using characteristics established through "symptoms, signs and laboratory findings." *Tackett*, 180 F.3d at 1099.

To *meet* an impairment, a claimant must establish she meets each of the characteristics of the listed impairment. *Id*. To *equal* an impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of the listed impairment, or, if a claimant's impairment is not listed, to the impairment "most like" the claimant's own. *Id*. If a claimant meets or equals one of the listed impairments, the claimant will be considered disabled without further inquiry. *See* 20 C.F.R. § 416.920(d).

Plaintiff does not point to any evidence in the record to support his contention that he meets or equals a listed impairment. Instead, Plaintiff reasserts that the rejected medical opinions support a finding that Plaintiff meets or equals a Listing. ECF No. 11 at 15–16. However, the Court has already determined the ALJ properly rejected those opinions because they were inconsistent with Plaintiff's overall record and unsupported by objective clinical findings.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

Similarly, at step three, the ALJ concluded there is no objective evidence to support a finding that Plaintiff meets the Paragraph B or Paragraph C criteria. Tr. 26. In arriving at this conclusion, the ALJ considered each of the functional categories outlined in Paragraphs B and C and cited to numerous records to support his findings. Tr. 25–26 (citations to the record omitted). Accordingly, the Court finds Plaintiff has failed to establish he meets or equals a listed impairment and the ALJ's conclusions are reasonable and supported by substantial evidence.

### C. Plaintiff's Subjective Symptom Testimony

Plaintiff argues the ALJ erred in rejecting his subjective symptom testimony with regard to his mental status findings by failing to provide clear and convincing reasons for rejecting the testimony. ECF No. 11 at 16. An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. SSR 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could

reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7–8; 20 C.F.R. § 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 29. In arriving at this conclusion, the ALJ considered several of the factors described above.

The ALJ first considered other factors concerning Plaintiff's mental status findings and concluded Plaintiff's education records were too remote and inconsistent with more recent mental status evaluations to support the degree of impairment that Plaintiff alleged. Tr. 32 (citation to the record omitted). The ALJ also considered the efficacy of any medication Plaintiff was taking, noting Plaintiff reported improvements with his anxiety and depression. Tr. 32–33. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

439 F.3d 1001, 1006 (9th Cir. 2006).  Next, the ALJ noted Plaintiff's daily activities and functioning were inconsistent with his alleged degree of impairment. Tr. 33.  For example, Plaintiff testified that he required a caregiver but also reported living alone, managing his personal care/hygiene and medications, completed household chores, prepared simple meals, and traveled on public transportation. *Id*. (citation to the record omitted).  Finally, the ALJ found Plaintiff's prior work history reflected a pattern of minimal to no work, which undermined his assertion that he was unemployed due to disability. *Id*. (citations to the record omitted).

The Court finds the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective symptom testimony and that the reasons were supported by substantial evidence.

**D.  Step Five Analysis**

Plaintiff argues the ALJ failed to meet his burden at step five, alleging the ALJ erroneously relied on an incomplete hypothetical. ECF No. 11 at 18.  If a claimant cannot perform his or her past relevant work, at step five the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d)–(e).  To do so, the ALJ may employ the testimony of a vocational expert. *Tackett,* 180 F.3d at 1100–01; *Osenbrock v. Apfel,* 240 F.3d 1157, 1162

(9th Cir. 2000). The ALJ's findings will be upheld if the weight of medical evidence in the record supports the hypothetical posed by the ALJ. *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony will qualify as substantial evidence if it is reliable. *Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir. 1988).

Here, the hypothetical posed to the vocational expert asked the expert to consider a claimant with Plaintiff's age, education, work experience, and residual functional capacity to perform light work with the following additional limitations: the person can lift up to 20 pounds occasionally, 10 pounds frequently; stand or walk for four hours; requires a sit/stand option, defined as needing to change positions every 30 minutes at the worker's discretion; can sit for six hours in an eight-hour workday; can balance frequently; can occasionally stoop, crouch, kneel, and crawl; must avoid extreme heat, cold, wetness, and humidity; needs to avoid industrial-type vibrations; must avoid machinery and unprotected heights; cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; requires simple, routine, repetitive work at a reasoning level one or two; avoid production pace, conveyor belts, and work quotas; requires a predictable work environment with occasional, simple changes; and brief and superficial encounters with the public, coworkers, and supervisors. Tr. 116–17. The ALJ offered two additional hypotheticals that were variations of the first. *See* Tr. 120, 122. The

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

1  vocational expert testified that the hypothetical person would be able to perform
2  several representative occupations, including Small Parts Assembler; Inspector,
3  Hand Packager; and Parking Lot Attendant. Tr. 117–18.

4       Plaintiff argues the hypotheticals were incomplete because they did not
5  account for certain of Plaintiff's limitations, specifically that Plaintiff would be off
6  task more than 10% of the time. ECF No. 11 at 18. To support his argument,
7  Plaintiff reasserts the ALJ improperly rejected the medical opinions. *Id*. Plaintiff
8  does not cite to any evidence in the record to support her assertion that this
9  limitation should have been included. Having determined the ALJ properly
10 rejected the medical opinion evidence and supported his decision with substantial
11 evidence, the Court concludes the ALJ carried his burden to prove Plaintiff retains
12 the residual functional capacity to perform certain jobs in the national economy.
13 The ALJ's conclusion is supported by substantial evidence.

14 **ACCORDINGLY, IT IS HEREBY ORDERED:**

15     1. Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**.

16     2. Defendant's Motion for Summary Judgment (ECF No. 15) is
17        **GRANTED.**

18 //
19 //
20 //

The District Court Executive is directed to enter this Order and Judgment, furnish copies to counsel, and **close** the file.

DATED August 23, 2022.



THOMAS O. RICE
United States District Judge